FILED
JUL 17 2017
JUDGE REBECCA R. PALLMEYER
UNITED STATES DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | 16 CR 462-3 |
| ) | Judge Rebecca R. Pallmeyer |
| MARIO HERNANDEZ, ) | |
| ) | |
| Defendant. ) | |

## PLEA DECLARATION

NOW COMES Defendant, MARIO HERNANDEZ, through his attorney, JOSHUA B. ADAMS, and acknowledges and states the following.

### Charges in This Case

1. The government charged Mr. Hernandez with a RICO conspiracy in violation of 18 U.S.C. §1962(d) (Count One), and one count of possession of a firearm after having been convicted of a felony (Count Fifteen).

2. By this declaration, Mr. Hernandez seeks to voluntarily change his plea from not guilty to guilty on Counts One and Fifteen of the Indictment.

3. Mr. Hernandez has read the charges against him contained in the indictment, and those charges have been fully explained to him by his attorney.

4. Mr. Hernandez fully understands the nature and elements of the crimes with which he has been charged.

**Charges to Which Defendant Is Pleading Guilty**

5. Mr. Hernandez agrees to enter a voluntary plea of guilty to the following counts of the indictment: Count One, which charges him with RICO conspiracy, in violation of Title 18, United States Code, Section 1962(d), and Count 15, which charges Mr. Hernandez with possession of a firearm after having been convicted of a felony, in violation of Title 18 U.S.C. Section 922(g).

**Factual Basis**

6. Mr. Hernandez will plead guilty because he is in fact guilty of the charges in Counts One and of the indictment. In pleading guilty, Mr. Hernandez admits the following facts and those facts establish his guilt beyond a reasonable doubt as to Counts One and, pursuant to Guideline § 1B1.3:

**Count One**

With respect to Count One, beginning no later than in or about 1999, and continuing to in or about July 2016, in the Northern District of Illinois, Eastern Division and elsewhere, there was a criminal enterprise known as the Almighty Latin Kings Nation (the "Latin Kings"). That enterprise consisted of Mr. Hernandez and others. The Latin Kings, including its leadership, members and associates, constituted an "enterprise," as defined in 18 U.S.C. §1961(4), that is, a group of individuals associated in fact, which engaged in, and the activities of which affected, interstate and foreign commerce. The Latin Kings enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

2

Mr. Hernandez had been a member of the Latin Kings from approximately 1999 through 2016. Mr. Hernandez admits that he knowingly conspired to conduct and participate in the conduct of the affairs of the Latin Kings through a pattern of racketeering activity, which included threats, intimidation, and violence, which included assaults with dangerous weapons against others, multiple acts of extortion as defined under 18 U.S.C. §1959 [1961], and other acts of violence such as "violations." Mr. Hernandez agreed that some members of the conspiracy would commit at least two acts of racketeering activity.

**Count Fifteen**

With respect to Count Fifteen, on or about April 15, 2014, in the Northern District of Illinois, Eastern Division, Mr. Hernandez, previously having been convicted of a crime punishable by a term of imprisonment exceeding one year, did knowingly possess in and affecting interstate commerce a firearm, namely a Smith and Wesson model M&P 15, 556 caliber rifle, bearing serial number SU11350. Said firearm had traveled in interstate commerce prior to Mr. Hernandez's possession of the firearm, in violation of 18 U.S.C. § 922(g)(1).

Specifically, on or about April 15, 2014, Mr. Hernandez knowingly possessed the firearm listed above and caused it to be sold to a member of the Latin Kings who, unbeknownst to Mr. Hernandez, was cooperating with law enforcement, in exchange for $1000. Mr. Hernandez acknowledges that the firearm traveled in interstate commerce prior to Mr. Hernandez's possession of the gun. Further, prior to his knowing possession of the above-described firearm, Mr. Hernandez had been convicted of a felony offense punishable by a term of imprisonment exceeding one year.

## Maximum Statutory Penalties

7. Mr. Hernandez understands that the charges in which he is pleading guilty carries the following statutory penalties:

a. Mr. Hernandez is not subject to a statutory mandatory minimum in this case. Pursuant to Title 18, United States Code, Section 1959, the statutory maximum penalty is 20 years imprisonment. This offense also carries a maximum fine of $1,000,000. Defendant further understands that the judge also must impose a term of supervised release of at least 3 years, and up to any number of years, including life.

b. With respect to Count, the maximum statutory penalty is ten years imprisonment and a maximum fine of $250,000.

c. In according with Title 18, United States Code Section 3013, Mr. Hernandez will be assessed $100 on each charge to which he pleads guilty, in addition to any other penalty imposed.

d. Therefore, the combined maximum statutory penalty on both counts is thirty years.

## Sentencing Guideline Calculations

8. Mr. Hernandez understands that in imposing sentence the Court will be guided by the United States Sentencing Guidelines. Mr. Hernandez understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider the Guidelines in determining a reasonable sentence. Mr. Hernandez's attorney has explained to him that the Probation Office will conduct an investigation into his case and will

submit a report to this Court that details its Guideline calculations. Mr. Hernandez understands that his attorney, as well as the attorneys for the government, will have an opportunity to review the Guideline calculations of the Probation office and submit any objections before the sentencing hearing.

9. Mr. Hernandez may dispute the government's guideline calculations.

10. In accordance with Guideline Section 3E1.1(b), Mr. Hernandez has timely notified the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Therefore, as provided by Guideline Section 3E1.1(b), if the Court determines the offense level to be 16 or greater prior to determining that Mr. Hernandez is entitled to a two-level reduction for acceptance of responsibility, the government will move for an additional one-level reduction in the offense level.

### Trial Rights and Waiver of Rights

10. Mr. Hernandez understands that he has a right to persist in his plea of not guilty and a right to a speedy trial. He has the right to a trial by jury, or could elect to have a trial where the judge would find the facts, assuming the government and the Court all agreed to a bench trial. Mr. Hernandez has the right to be represented by counsel at trial and at every other stage of the proceedings in this case. He has the right to confront and cross examine witnesses, and the right against self-incrimination, to testify if he chooses, and to present evidence and compel the attendance of witnesses on his behalf. Mr. Hernandez has discussed these rights with his counsel, and understands those rights, and acknowledges by pleading guilty he is waiving those rights.

11. Mr. Hernandez guilty plea to Counts One and Four of the Indictment is entirely voluntary, and is not the result of force, threats, or promises.

13. Mr. Hernandez acknowledges that he has read this plea declaration and understands all of its contents.

14. Mr. Hernandez does not waive any issues that may arise from this sentencing hearing or the sentence imposed by the district court.

Signed this 17th day of July, 2017.

_____
MARIO HERNANDEZ

_____
Joshua B. Adams
Counsel for Mario Hernandez

Joshua B. Adams
LAW OFFICES OF JOSHUA B. ADAMS, P.C.
53 W. Jackson Blvd., Suite 1515
Chicago, IL 60604
(312) 566-9173